

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-40056 |
| Plaintiff, | |
| vs. | MOTION TO SEAL CASE |
| BRADLEY WHITSELL, | |
| Defendant. | |

Comes now the United States of America, by and through Assistant United States Attorney Kevin Koliner, and pursuant to Federal Rule of Criminal Procedure 6(e)(4), respectfully prays the Court to issue an order sealing the case in the above-entitled matter, and as grounds therefor states as follows:

Federal Rule of Criminal Procedure 6(e)(4) provides in pertinent part: "The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial."

The Eighth Circuit Court of Appeals has confirmed that "[a] magistrate to whom an indictment is timely returned may direct that it be sealed." *United States v. Lakin*, 875 F.2d 168, 170 (8th Cir. 1989). In *Lakin*, the Court cites with approval a series of cases holding that "the magistrate may grant the government's motion to seal an indictment <u>for any legitimate prosecutorial</u>

need." *Id.* (Emphasis added.)

Chief among the reasons deemed sufficient is the necessity of taking the defendant into custody. *United States v. Richard*, 943 F.2d 115, 119 (1st Cir. 1991); *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). *Accord, Lakin*, 875 F.2d at 170 (holding that "reasons other than taking the defendant into custody may support the sealing of an indictment.") (Citations omitted).

Other grounds found sufficient in various circuits include:

1. The need for time to gather additional evidence. *Lakin*, 875 F.2d at 170;

2. Concern for pretrial publicity before all the defendants are notified. *United States v. Sharpe*, 995 F.2d 49, 52 (5th Cir. 1993); *Richard*, 943 F.2d at 119;

3. To facilitate the cooperation of co-conspirators and to preclude the disclosure of their identities, protecting them from undue influence. *United States v. Ramey*, 791 F.2d 317, 318 (4th Cir. 1986);

4. To permit the filing of additional charges. *United States v. Edwards*, 777 F.2d 644, 648 (11th Cir. 1985); and

5. To accommodate counsel for a defendant. *Sharpe*, 995 F.2d at 52 (in conjunction with other grounds).

In this matter, the United States submits that Whitsell has not been cooperative with the investigation, and given that he is living and working outside of the immediate area, an arrest plan will need to be determined once the warrant is issued. He is currently employed as Chief Financial Officer of a Sanford Hospital facility. Because of his high profile status, there is a risk that, unless it is sealed, the indictment could be reported by local media before

the arrest occurs. If that were to happen, Whitsell might flee the area.

WHEREFORE, the United States prays that this Court seal the case until the Defendant Bradley Whitsell is brought before the court for an initial appearance in this matter, and that it further seal this Motion and the Order to seal.

Dated this 6th day of June, 2011.

BRENDAN V. JOHNSON
United States Attorney

Kevin Koliner
Assistant United States Attorney
P.O. Box 2638
Sioux Falls, SD 57101-2638
Telephone: (605)357-2354
Facsimile: (605)330-4410
E-Mail: Kevin.Koliner@usdoj.gov